IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **SEAN KIRBY ROSSER,** | ) | CASE NO. 7:19CV00156 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DAVID B. CARSON,** | ) | By: Norman K. Moon |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Sean Kirby Rosser, a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendant, a Virginia circuit court Judge, violated his constitutional rights and committed crimes during his probation revocation hearing. (Dkt. 1, Compl.). Plaintiff has moved for leave to proceed in forma pauperis. (Dkt. 2). After review of the record, I conclude that the Complaint is frivolous.[1]

During the probation revocation hearing, Plaintiff asserts the following exchange:

Plaintiff: "I would like to object to the jurisdiction and challenge the jurisdiction."

Judge Carson: "Thank you sir. I deny that. Any objections to the motion for the admission of the exhibit?"

Plaintiff: "No, your Honor."

Plaintiff: "For the record I am here in propria persona under special appearance to object to the jurisdiction and challenge the jurisdiction immediately."

Judge Carson: "And I've denied that in it[s] entire[t]y. Anything else you'd like to say."

---

[1] Plaintiff seeks to proceed *in forma pauperis*, and is thus subject to the screening of 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2)(B)(i-iii) allows for *sua sponte* dismissal of *in forma pauperis* § 1983 complaints when the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, the Court must screen a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee to identify cognizable claims, or dismiss the complaint or any portion of the complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

> Plaintiff: "I just told you everything, I'm objecting to the jurisdiction and challenging the jurisdiction."
>
> Judge Carson: "I understand, anything else you'd like to say?"
>
> Plaintiff: "I feel that this is unconstitutional, lacking due process, you really don't have personal jurisdiction over me, every contract that I signed was under duress, I don't wish to participate in the hearing, I don't give no consent of nothing that's going on, and I want to challenge the jurisdiction of the court."
>
> Judge Carson: "Okay. And I know it, and the record knows that you challenge the jurisdiction of the court. I've denied your request in that regard."

(Dkt. 1, Compl. at 3-5).

The Complaint alleges three general claims: (1) Judge Carson violated the Fourteenth Amendment when he arbitrarily denied Plaintiff's jurisdictional arguments and continued to sentence Plaintiff on a "null and void plea agreement[] and probation"; (2) Judge Carson committed a conspiracy against rights under 18 U.S.C. § 241; and (3) Judge Carson deprived him of rights under color of law pursuant to 18 U.S.C. § 242. (Dkt. 1, Compl. at 6). Plaintiff also filed with his Complaint an "Affidavit: In Support of a Notice of Treason." (Dkt. 1-1).

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice"; instead, the immunity is only overcome in two circumstances: (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted).

Neither exception applies. First, Judge Carson was performing official duties in his judicial capacity. Second, Judge Carson properly exercised jurisdiction. Plaintiff previously committed a crime in Roanoke and was convicted and sentenced accordingly, which included a term of probation. Plaintiff complains of actions taken against him for violation of the terms of his probation, and Judge Carson's revocation of Plaintiff's probation. Therefore, jurisdiction was

proper, and Judge Carson is entitled to absolute judicial immunity. *See* Va. Code § 19.2-239 ("The circuit courts, except where otherwise provided, shall have exclusive original jurisdiction for the trial of all presentments, indictments and informations for offenses committed within their respective circuits."); Va. Code § 19.2-306 ("In any case in which the [circuit] court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period.").

Plaintiff repeatedly asserts that Judge Carson is not immune because he did not have jurisdiction, but Plaintiff appears to rehash frivolous Sovereign Citizen arguments.[2] A "frivolous" case has been identified as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Further, 18 U.S.C. §§ 241 (conspiracy against rights) and 242 (deprivation of rights under color of law) do not provide for a private cause of action. Any claims predicated on these sections fail as a matter of law because "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-241 (the criminal analogue of 42 U.S.C. § 1983)." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (citations omitted); *see Armstrong v. James Madison University*, No. 5:16-cv-00053, 2017 WL 2390234, at *13 (W.D. Va. Feb. 23, 2017) (same) (citing cases).

Accordingly, I will grant plaintiff's motion to proceed *in forma pauperis*, and I will dismiss Plaintiff's action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); 28 U.S.C. § 1915A(b)(1);

---

[2] Plaintiff's Complaint has the hallmarks of the "sovereign citizens" movement, whose followers believe they have special rights and often object to jurisdiction on frivolous and unfounded grounds. *See United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (noting that sovereign citizen jurisdictional arguments have "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (sovereign citizen arguments "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion").

*Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016) (per curiam) (a complaint barred by judicial immunity is frivolous).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to Plaintiff.

**ENTER:** This __3rd__ day of April, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE